F I L E D
United States Court of Appeals
Tenth Circuit

December 18, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO MORALES-MADRID,

Defendant-Appellant.

No. 05-2359
(D.C. No. CR-04-1080 MCA)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ricardo Morales-Madrid pled guilty to being an illegal alien in possession

of a firearm in violation of 18 U.S.C. § 922(g)(5), and the district court sentenced

him to a term of incarceration at the bottom of the applicable guideline range. On

appeal, Mr. Morales-Madrid's counsel filed an *Anders* brief and moved to

_____

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

withdraw. After considering counsel's brief and reviewing the record, we conclude there are no non-frivolous grounds on which Mr. Morales-Madrid could appeal his sentence. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

The presentence report (PSR) stated, and the district court found, that Mr. Morales-Madrid engaged in a drug transaction with an undercover police officer. When he was arrested and subjected to a search, officers discovered a loaded revolver and several rocks of cocaine in Mr. Morales-Madrid's backpack. Mr. Morales-Madrid admitted both the crack and the revolver belonged to him and that he was a Mexican national in the United States illegally.

In exchange for a guilty plea to possession of a firearm by an illegal alien, the government agreed not to press drug possession or distribution charges. Mr. Morales-Madrid pled guilty, and the United States Probation Office prepared a PSR. The PSR calculated an offense level of 25 and a criminal history category of II, resulting in a suggested sentencing range of 63 to 78 months. Mr. Morales-Madrid filed an objection to the PSR and a "motion to comply with *Blakely v. Washington*." Rec., vol. I at 24. At the sentencing hearing, the district court agreed with Mr. Morales-Madrid that a criminal history category of II over-represented his criminal history and instead settled on category I. The court then adopted the remainder of the PSR and sentenced Mr. Morales-Madrid to a term of 57 months, which was at the bottom of the applicable guideline range.

Little more than a month later, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Mr. Morales-Madrid filed a notice of appeal, and this court remanded for resentencing in light of *Booker*. On remand, Mr. Morales-Madrid requested a new sentence of time served or 19 months. He relied on his youth at the time of the offense and the fact that he was orphaned at a young age and left without stable adult guidance and support. The district court stated that it had considered the facts of the case in light of the factors set forth in 18 U.S.C. § 3553(a) and again sentenced Mr. Morales-Madrid to 57 months incarceration under the now-advisory guidelines. Mr. Morales-Madrid filed a notice of appeal.

The Supreme Court's decision in *Anders v. California* authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous. 386 U.S. 738, 744 (1967). Under *Anders*, counsel must submit a brief to his client and this court indicating any potential grounds for appeal based on the record. *Id*. His client may choose to submit arguments to the court in response. *Id*. If we conclude after a full examination of the record that the appeal is frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id*.

In his *Anders* brief, Mr. Morales-Madrid's counsel stated that the only remotely possible ground for an appeal was an ineffective assistance of counsel claim, but further stated that there was no evidence in the record of an instance of

-3-

*per se* ineffective assistance of counsel. Despite being served the *Anders* brief and given an opportunity by this court to respond, Mr. Morales-Madrid has failed to do so. Upon our own examination of the record, we conclude there are no non-frivolous appealable issues.

Mr. Morales-Madrid pled guilty to being an illegal alien in possession of a firearm. There is no evidence in the record that his plea was made unknowingly or involuntarily. Furthermore, we can discover no evidence in the record to suggest that Mr. Morales-Madrid's 57-month sentence was unreasonable. *See United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006) (Following *Booker*, "[w]e review sentences imposed by the district court for reasonableness."). In reviewing the reasonableness of Mr. Morales-Madrid's sentence, "we consider whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006). A sentence falling within the properly-calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *Id*.

There is nothing in the record in this case to rebut the presumption of reasonableness. The statutory maximum for a conviction for possession of a firearm by an illegal alien is 10 years imprisonment. *See* 18 U.S.C. § 924(a)(2). Mr. Morales-Madrid's 57-month sentence falls well short of the maximum sentence. Accordingly, the district court's sentencing findings relative to drug

possession and distribution do not run afoul of *Booker* because they did not increase Mr. Morales-Madrid's sentence beyond the statutory maximum. Moreover, the record indicates the court considered the particular facts of Mr. Morales-Madrid's case when it decided to adopt a criminal history category of I, rather than the PSR's suggested category of II. In light of this and the district court's consideration of Mr. Morales-Madrid's request for a sentence of time served at his post-*Booker* sentencing hearing, we cannot say that a 57-month sentence is unreasonable.

Furthermore, we reject ineffective assistance of counsel as a possible non-frivolous appealable issue. Except in "rare instances [where] an ineffectiveness of counsel claim . . . need[s] no further development prior to review on direct appeal," this court will not consider ineffective assistance of counsel claims unless they were brought pursuant to a collateral challenge. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). The record in this case presents no apparent grounds for deviating from this well-established rule.

Because our review of the record failed to reveal any non-frivolous appealable issues, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-